UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY SIMEON HALL,

                    Plaintiff,                    Case No. 15-12591
                                                  Honorable Bernard A. Friedman
v.                                                Magistrate Judge David R. Grand

HANWHA L&C MONROE
PLANT, et al.

                    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT HANWHA'S MOTION TO
QUASH SERVICE OF PROCESS ON DEFENDANT CHANG BUM KIM [9], AND
TO DISMISS THE COMPLAINT WITHOUT PREJUDICE AS TO DEFENDANT
CHANG BUM KIM AND THE REMAINING UNSERVED DEFENDANTS**

**I.      RECOMMENDATION**

Before the Court is defendant Hanwha Advanced Materials America, LLC's ("Hanwha")

motion to quash service of process on its Chief Executive Officer, defendant Chang Bum Kim

("Kim"), and to dismiss the complaint as to both Kim and defendants Dennis Kirkland, Sang

Mook Lee and Unknown Owner(s) (the "remaining unserved defendants"). [9].  *Pro se* plaintiff

Stacey Hall did not file a response.  The motion has been referred to this Court for a Report and

Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [16].  For the following reasons, the

Court **RECOMMENDS** that Hanwha's motion **[9]** be **GRANTED** and the complaint be

**DISMISSED WITHOUT PREJUDICE** as to Kim and the remaining unserved defendants

pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2.

**II.     REPORT**

     **A.      Procedural History**

Plaintiff Stacey Hall ("Hall") initially commenced this action on June 15, 2015, in

Monroe County Circuit Court alleging that Hanwha and several of its employees conspired to violate Title VII by refusing to hire him on account of his race. [1 at 7-11].  Hall also sued the Equal Employment Opportunity Commission ("EEOC"), the director of its Detroit field office, and several EEOC employees (the "federal defendants") for allegedly failing to properly investigate his claims against Hanwha and untimely forwarding him a "Right to Sue" letter. [*Id.* at 9-10].  The federal defendants removed the matter to the United States District Court for the Eastern District of Michigan [*id.*], and the parties eventually stipulated to their dismissal from this action with prejudice. [4].  Hanwha has appeared in this action, and filed an answer to Hall's complaint.  [2].

On September 18, 2015, the Court held a telephonic status conference with Hall and counsel for Hanwha to discuss service of process issues. [6].  During the telephone conference, the parties agreed that Hall would have until November 17, 2015 to complete service of process on any unserved defendants. [*Id.*].  In its order dated September 21, 2015, the Court noted that "[i]n the event that Hall fails to properly serve any defendant by November 17, 2015, the Court will issue a Report and Recommendation recommending that Hall's complaint be dismissed without prejudice, as against such defendants." [*Id.*].

On November 16, 2015, Hall filed a Michigan state court proof of service form, a Michigan state court summons,[1] a copy of the EEOC "Right to Sue" letter, this Court's

---

[1] Hall handwrote "Federal Court" at the top right-hand corner of the Michigan state court summons in what appears to have been an attempt at modifying the document to comply with Fed. R. Civ. P. 4(a). [7 at 1].  This summons form is a legal nullity, however, because "[a] summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant." *Ayres v. Jacobs & Crumplar*, P.A., 99 F.3d 565, 569 (3d Cir. 1996), and the challenging party may move for Rule 12(b)(4) dismissal on this basis. *See Mike's Train House, Inc. v. O'Meara Korea Brass Co.*, No. 06-10375, 2006 U.S. Dist. LEXIS 41465, at *8 (E.D. Mich. Jun. 20, 2006) ("Rule 12(b)(4) permits a defendant to challenge the form of process.").  Nonetheless, since Hall failed to otherwise satisfy his burden of establishing timely

September 21, 2015 order, and a copy of an amended complaint.[2] [7].  The notarized proof of service appears to have been executed by a process server who purportedly personally served a copy of the summons and complaint on Hanwha's Human Resource Specialist, Cathy Deron ("Deron"), at 3:30 p.m. at 1530 E. Front St., Monroe, Michigan, on November 13, 2015. [*Id.* at 1].  The proof of service also identifies Kim as a defendant who was purportedly served at the E. Front St. address, but it does not list the day, date and time of such service. [*Id.*].

While Deron filed an answer to Hall's complaint [8], Hanwha filed the instant motion on December 7, 2015, arguing that the complaint should be dismissed as to Kim and the remaining unserved defendants because Hall failed to properly serve them pursuant to Fed. R. Civ. P. 4. [9]. In support of its motion, Hanwha submitted a sworn declaration from Deron attesting that: (1) she works at Hanwha's Monroe plant which is located at the 1530 E. Front St. address referenced in Hall's proof of service, and (2) Kim "was not at Hanwha's Monroe plant on November 13, 2015 or at any time in November 2015." [*Id.*, Ex. 3 at ¶ 4].

On December 9, 2015, the Court held another teleconference with Hall and counsel for Hanwha – this time to discuss the present motion and conduct a scheduling conference.  During the teleconference, the Court informed Hall of his responsibility to adhere to the service of process requirements under the Federal Rules of Civil Procedure and to respond to the motion if he wished to oppose it.  To date, Hall has neither responded to the motion nor taken any other steps to provide the Court with evidence that he has properly served Kim and/or the remaining unserved defendants.

---

service of process, *see* Section II. B., *infra*, and Hanwha did not specifically invoke Rule 12(b)(4), the Court need not address this issue.

[2] Although the amended complaint correctly designates the venue as "United States District Court Eastern District of Michigan," it incorrectly lists the same case number as the one assigned to the original action before the Monroe County Circuit Court. [*Id.* at 3].

### B.       Analysis

Federal Rule of Civil Procedure 4(m) provides that if service of process is not effectuated on a defendant within 90 days[3] of the filing of the complaint, the court "must dismiss the action without prejudice against that defendant."  In this regard, "[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)).  It is a plaintiff's burden to establish good cause for failing to timely effectuate service.  *See Habib*, 15 F.3d at 73.  Further, Local Rule 41.2 provides that if the parties "have taken no action for a reasonable time," the Court may enter an order dismissing the case for lack of prosecution.

In this case, despite being notified of the deficiencies in his service of the summons and complaint on both Kim and the remaining unserved defendants, Hall has failed to provide any explanation – let alone good cause – for his failure to timely and properly serve these defendants. Therefore, pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2, Hall's complaint should be dismissed without prejudice as to Kim and the remaining unserved defendants.  *See Abel v. Harp*, 122 F. App'x 248, 250 (6th Cir. 2005) (citing *Byrd*, 94 F.3d at 219).

## III.    CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Hanwha's motion to quash service of process on Kim and to dismiss the complaint as to both Kim and the remaining unserved defendants **[9]** be **GRANTED**, and that the complaint be **DISMISSED WITHOUT PREJUDICE** as to Kim and the remaining unserved defendants, Dennis Kirkland, Sang Mook

---

[3] This Rule was amended, effective December 1, 2015, by reducing the presumptive time for serving a defendant to 90 days from 120 days.  Either way, *see* FRCP 86(a), Hall's time for accomplishing service on each of the defendants has long since passed.

Lee and Unknown Owner(s).

Dated: January 5, 2016                          s/David R. Grand
Ann Arbor, Michigan                             DAVID R. GRAND
                                                United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 5, 2016.

                                                s/Eddrey O. Butts
                                                EDDREY O. BUTTS
                                                Case Manager